CHRIS J. OWENS, APPELLANT, v. EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE JOHN MENDOZA, DISTRICT COURT JUDGE, DEPARTMENT V, RESPONDENTS.

No. 17870

June 24, 1988                          756 P.2d 1183

[Rehearing denied December 8, 1988]

*Rex A. Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Philip R. Byrnes,* Deputy Attorney General, Las Vegas; *C. Stanley Hunterton,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant Chris Owens was held in contempt of court for comments uttered during the closing argument of a criminal trial. We hold that such remarks do not rise to the level of contempt under the circumstances of this case.

Prior to closing arguments, the district court read various instructions to the jury including jury instruction number thirteen, an advisory instruction of acquittal. NRS 175.381. During closing argument and in the process of explaining to the jury why he thought the evidence supported a conviction, the prosecution said: "As I indicated earlier, the Court has given you an opinion to dismiss this case or to find the Defendant not guilty. That's a glaring Instruction in the group of Instructions that you have. It's a highly unusual Instruction." At that point the district court interjected stating that such prosecutorial comments were uncalled for and contrary to the law stated. The court went on to say that "[a]ny *further* conduct along this line will require me to take further proceedings against you, sir." (Emphasis added.) Owens made no further comments along this line.

The defense's closing argument focused, in part, on the testimony of two defense witnesses, both of whom were in some way involved with the University of Nevada-Las Vegas basketball team. Subsequently, as the state wound up its rebuttal to the defense's closing argument, Owens said:

> Be fair. Look at the evidence. Consider your common experiences. Freely discuss what you have seen. Do the fair thing. Rise up as citizens of this State and brand Lawrence West for what he is. Stem the tide of athletic politics in this case and convict Mr. Lawrence West because he is guilty, ladies and gentlemen. He is guilty as charged. Thank you.

After the jury returned a guilty verdict, the district court considered contempt charges against Owens. The district court found Owens's comments to be contemptuous, citing Owens's "athletic politics" comment and his argument concerning the court's advisory instruction as grounds for its finding. Later, when the order was formalized, additional grounds were added.

Upon a careful review of the record, viewing the aforementioned "athletic politics" remark and advisory instruction argument as the foundation for the district court's contempt finding, we cannot conclude that Owens's conduct was contemptuous; rather, we view his statements as proper closing argument. Thus, we hold that the district court has abused its discretion and consequently reverse the district court's order of contempt.